UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-22074-LEIBOWITZ/AUGUSTIN-BIRCH

OSHIN BUDHA,

    Plaintiff,

v.

BOUCHER BROTHERS
MIAMI BEACH, LLC, *et al.*,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' AMENDED MOTION FOR SANCTIONS

This matter comes before the Court upon Defendants' Amended Motion for Sanctions, Including Dismissal of this Action, Based Upon Plaintiff's Failure to Appear at a Compulsory Medical Examination. DE 47. In the Amended Motion for Sanctions, Defendants contend that Plaintiff did not appear for a compulsory medical examination that the parties mutually scheduled for December 30, and Plaintiff has refused to pay the $2,900 cancellation fee of the examining doctor, Dr. Joshua Siegel. Defendants further contend that, until the cancellation fee is paid, Dr. Siegel will not reschedule the compulsory medical examination.

Under the Court's Order Setting Discovery Procedures, Plaintiff's response to the Amended Motion for Sanctions was due by February 18. *See* DE 18 at 3 (Order Setting Discovery Procedures requiring a response within two business days of the filing of a discovery motion). When Plaintiff did not timely respond to the Amended Motion for Sanctions, the Court issued an Order to Show Cause. DE 48. The Order to Show Cause required Plaintiff to, by 5:00 p.m. on February 20, both respond to the Amended Motion for Sanctions and show cause in writing why Plaintiff did not respond in a timely manner. *Id.* Plaintiff did not comply with the Order to Show

Cause insofar as Plaintiff did not file a response to the Amended Motion for Sanctions until nearly 7:00 p.m. on February 24.  DE 49.

Plaintiff states in that response that she did appear for the December 30 compulsory medical examination, along with a videographer.  However, Dr. Siegel's office denied the videographer access during the compulsory medical examination, and Plaintiff's counsel then advised her not to undergo the compulsory medical examination.

If Plaintiff wished to have a videographer present at the compulsory medical examination, it was incumbent upon Plaintiff to communicate with Dr. Siegel's office about whether he would allow a videographer to be present.  And if Dr. Siegel's office required a court order to allow a videographer to be present, it was incumbent upon Plaintiff to obtain that court order before December 30.  The Amended Motion for Sanctions [DE 47] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendants' request that Plaintiff be ordered to pay Dr. Siegel's $2,900 cancellation fee is granted.  Plaintiff is ordered to pay the $2,900 cancellation fee to Dr. Siegel by **March 2, 2026**.

2. The parties must confer among themselves and with Dr. Siegel's office to determine the date, time, and location of a rescheduled compulsory medical examination.  By **March 3, 2026**, the parties must file a joint notice setting forth the date, time, and location of the rescheduled compulsory medical examination.  Plaintiff must attend the rescheduled compulsory medical examination.  Failure to attend will result in sanctions.

3. Defendants' request that Plaintiff be required to pay the reasonable attorney's fees and costs they incurred to prepare and file the Amended Motion for Sanctions is granted.  *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring a court that grants a discovery motion to order the party whose conduct necessitated the motion, that party's attorney, or both to pay the movant's reasonable

expenses incurred in making the motion).  By **March 3, 2026**, the parties must conduct a good faith meet and conferral on the topic of a reasonable amount for the award of fees and costs.  By **March 9, 2026**, Defendants must file either (1) a notice indicating that the parties have agreed on the amount of the fees and costs award and providing the agreed amount; or (2) a motion specifying the amount of the award Defendants seek and providing any information and attachments they wish the Court to consider in evaluating the reasonableness of their request, including the information required under Southern District of Florida Local Rule 7.3(a).  Plaintiff must file a response to any such motion by **March 16, 2026**.  No reply is permitted absent further Order of the Court.

4. Defendants' request that this case be dismissed due to Plaintiffs' failure to appear for the December 30 compulsory medical examination is denied.  However, failure in the future to comply with discovery obligations and/or Court Orders may result in further sanctions, including a recommendation to the presiding District Judge, the Honorable David S. Leibowitz, that this case be dismissed.

5. The March 4 discovery hearing on the Amended Motion for Sanctions [DE 46] is converted into a discovery status conference.  Zoom log-in instructions are found at docket entry 46.  At the discovery status conference, the parties should be prepared to discuss each item of discovery the remains outstanding and the date by which it will be completed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 26th day of February, 2026.

                                              PANAYOTTA AUGUSTIN-BIRCH
                                              UNITED STATES MAGISTRATE JUDGE